# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JOHN O'REILLY, | : | |
|     Plaintiff | : | |
| v. | : | |
| BJ's WHOLESALE CLUB, INC., | : | No. 3:16-cv-01351 |
|     Defendant. | : | |

## RULING ON MOTION TO DISMISS

Plaintiff John O'Reilly ("Plaintiff") filed a four-count amended complaint ("Compl.") against Defendant BJ's Wholesale Club, Inc. ("Defendant"). Plaintiff alleges breach of contract (Count One), negligence (Count Two), "class action claims" (Count Three), and violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110 (Count Four). Defendant moves to dismiss, arguing that Plaintiff's amended complaint (i) fails to establish personal jurisdiction, (ii) does not allege the $75,000 in damages required to satisfy 28 U.S.C. § 1332, (iii) is time-barred under Connecticut's negligence action statute of limitations, and (iv) does not meet the requirements for a class action lawsuit under Rule 23. For the reasons stated below, the Court GRANTS in part and DENIES in part Defendant's motion to dismiss. (ECF No. 25.)

## I. BACKGROUND

### a. Factual Allegations

Plaintiff alleges that he is a member of Defendant's wholesale club and was shopping at Defendant's North Haven, Connecticut location on August 8, 2014. (Compl. ¶ 1.) While checking-out his purchases, Defendant's cashier dropped a bottle of cleaning solution into

Plaintiff's shopping cart, causing the bottle to break and splashing cleaning solution into Plaintiff's eyes and onto his face. (*Id.*)

Plaintiff alleges that he sat with Defendant's store manager while the manager typed an accident report and the store manager promised to send Plaintiff a copy. (*Id.*) On August 23, 2014, Plaintiff returned to Defendant's store and spoke with the same store manager and asked why he had not received a copy of the accident report. (*Id.*) Defendant's store manager informed Plaintiff that his supervisors had told him that he was not allowed to send a copy of the accident report to Plaintiff. (*Id.*) Defendant's store manager agreed, upon Plaintiff's request, to send a letter informing Plaintiff of the reason that he could not send the report. (*Id.*) Plaintiff did not receive any such letter and, when Plaintiff asked why on his next visit to Defendant's North Haven store, the store manager said that he was "just not allowed to." (*Id.*)

Plaintiff alleges that Defendant's general liability claim coordinator initially denied the existence of Plaintiff's accident report and then refused to provide Plaintiff with a copy following his final conversation with the store manager. (*Id.* ¶ 2.) Plaintiff also alleges that Defendant's general liability claim coordinator requested to talk with Plaintiff on December 19, 2015 about his theory of liability, his injuries, his treatment, and the documentation he has demonstrating his injuries. (*Id.*)

Plaintiff alleges that he has experienced repeated incidents of blurred vision caused by the cleaning solution splashed in his eyes at Defendant's store, and that this resulted in numerous falls and injuries. (*Id.* ¶ 1.) Plaintiff alleges that, in six falls caused by blurred vision, he has injured his right hip, knee, left foot, and back and that his eyesight has deteriorated and his heart condition has been aggravated. (*Id.*) Plaintiff alleges that one of the falls caused by his damaged vision resulted in cuts and bruises from which he developed cellulitis. (*Id.*) Plaintiff also alleges

that the falls on his right hip have led to X-rays and cortisone shots to reduce pain, and will ultimately require a hip replacement. (*Id.*)

Plaintiff also brings class allegations on behalf of himself and other victims of accidents caused by Defendant's employees' negligence. (*Id.* ¶ 26.) Plaintiff alleges that these accident-victim class members: (i) were required to submit accident reports, (ii) were promised copies of the accident reports they submitted, (iii) were refused access to those accident reports by Defendant, and (iv) were lied to or treated in bad faith by Defendant in pursuit of their claims against Defendant and are all part of Plaintiff's alleged class. (*Id.*) Plaintiff alleges that there are questions of law and fact common to the class, including whether Defendant breached the terms of class members' membership contract, whether Defendant breached its fiduciary duty to class members, whether Defendant made material misrepresentations to class members, whether Defendant engaged in Connecticut Unfair Trade Practices Act (CUTPA)-violating practices, and whether Defendant is liable to those class members for damages. (*Id.* ¶ 30(a)-(e).)

### b. Procedural History

Plaintiff, who the Court will treat as *pro se*,[1] filed his original complaint on August 9, 2016. (ECF No. 1.) Defendant filed a motion to dismiss on November 9, 2016, arguing (i) lack of subject matter jurisdiction because the complaint did not meet the 28 U.S.C. § 1332 requirement of at least $75,000 in controversy, (ii) that Plaintiff's negligence allegations were beyond the Connecticut statute of limitations, (iii) lack of personal jurisdiction because of improper service of process, and (iv) that Plaintiff's class action claims did not meet the Rule 23 requirements. (ECF No. 14.) On November 30, 2016, Plaintiff filed his First Amended Complaint (ECF No. 19) and the following day, the Court denied Defendant's motion to dismiss

---

[1] The Court notes that Plaintiff may have been assisted by Attorney Kenneth R. Davis, whose name appears at the conclusion of Plaintiff's amended complaint (Compl. at 18) as "Class Attorney."

as moot (ECF No. 20), while allowing Defendant to renew its motion, which it did on December 15, 2016. (ECF No. 25.) Plaintiff filed his response in opposition to Defendant's motion to dismiss on January 5, 2016.[2] (ECF No. 32.)

## II. STANDARD

### a. Rule 12(b)(1)

A "case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). The "plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Luckkett v. Bure*, 290 F.3d 493, 497 (2d. Cir. 2002). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The court construes the complaint liberally and accepts all factual allegations as true. *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009).

### b. Rule 12(b)(2)

In a motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2), the "plaintiff bears the burden of showing the court has jurisdiction over the defendant," and the "burden is apportioned based on how far the case has progressed." *Corning Inc. v. Shin Etsu Quartz Products Co.*, 242 F. 3d 364, at *2 (2d Cir. 2000). "The district court has considerable procedural leeway in deciding 12(b)(2) motions, and it may accept affidavits if it so chooses." *Corning,* 242 F.3d 364, at *2 (quotation marks omitted). "[W]here . . . the district court relies

---

[2] On May 8, 2017, Plaintiff filed a motion for summary judgment. (ECF No. 35.) The Court does not address that motion at this time.

4

solely on the pleadings and supporting affidavits, the plaintiff need only make a prima facie showing of jurisdiction." *Id.* "[W]here the issue is addressed on affidavits, all allegations are construed in the light most favorable to the plaintiff and doubts are resolved in the plaintiff's favor." *Whitaker v. Am. Telecasting, Inc.,* 261 F. 3d 196, 208 (2d Cir. 2001).

### c. Rule 12(b)(6)

In considering a motion to dismiss under Rule 12(b)(6), a court construes the complaint liberally, "accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). A court may allow a case to proceed only if the complaint pleads "enough facts to state a claim to relief that is plausible on its face." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009) (citing *Twombly*, 550 U.S. at 554-55). When a plaintiff submits a complaint *pro se*, the court must construe the allegations liberally, raising "the strongest arguments [they] suggest[]." *Abbas v. Dixon*, 480 F.3d. 636, 639 (2d Cir. 2007). A *pro se* plaintiff, however, still must meet the standard of facial plausibility. *See Hogan v. Fischer*, 738 F. 3d 509, 515 (2d Cir. 2013) ("[A] *pro se* complaint must state a plausible claim for relief.") (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)).

## III. DISCUSSION

### a. Lack of Subject Matter Jurisdiction – 28 U.S.C. § 1332

Defendant argues that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction because the matter in controversy fails to exceed the $75,000 amount in controversy required for diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Although Defendant's Motion to Dismiss treats this as a motion under Rule 12(b)(6), motions to dismiss for lack of subject

5

matter jurisdiction are properly raised under Rule 12(b)(1). The Supreme Court has stated, "if, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). "A party invoking the jurisdiction of the federal court has the burden of proving that it appears to a 'reasonable probability' that the claim is in excess of the statutory jurisdictional amount." *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) citing *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir. 1975). "This burden is hardly onerous, however, for we recognize 'a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy.'" *Scherer v. Equitable Life Assurance Soc'y of U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) quoting *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999).

The Second Circuit has "held that the legal impossibility of recovery must be so certain as virtually to negat[e] the plaintiff's good faith in asserting the claim. If the right of recovery is uncertain, the doubt should be resolved . . . in favor of the subjective good faith of the plaintiff." *Chase Manhattan Bank, N.A. v. Am. Nat. Bank & Trust Co. of Chi.*, 93 F.3d 1064, 1070 (2d Cir. 1996) (internal quotation marks and citation omitted). "Even where the allegations leave grave doubt about the likelihood of a recovery of the requisite amount, dismissal is not warranted." *Scherer*, 347 F.3d at 397 (internal quotation marks and citation omitted). "The jurisdictional determination is to be made on the basis of the plaintiff's allegations, not on a decision on the merits." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982) (holding that a defense on the merits may not be considered or adjudicated on jurisdictional motions). A court

"assess[es] the amount in controversy at the time the action is commenced, without regard to the merits of the claims or defenses, and without regard to subsequent events which bring the amount in controversy below the jurisdictional requirement." *Kry v. Poleschuk*, 892 F. Supp. 574, 576 (S.D.N.Y. 1995).

Plaintiff's good faith assertions support his claim that his damages exceed $75,000. Plaintiff alleges permanent injury to his eyesight and numerous injuries from falls caused by his compromised eyesight. (Compl. ¶ 1.) He alleges medical bills for many doctors' appointments, X-rays, cortisone shots, and echocardiograms resulting from his falls. (*Id.*) As a result of his physical injuries, Plaintiff alleges, he also incurred pain and suffering, lost income, and impaired ability to work. (*Id.* ¶ 23.) He also alleges that he needs a hip replacement as a result of the falls, which he alleges will cost between $60-85,000. (*Id.*) Finally, Plaintiff alleges that his ability to work as a paralegal was halved after his injury, resulting in lost wages. (Pl.'s Resp. in Opp'n at 13.) Plaintiff has provided some documentation of his visits to the doctor over the period between 2014 and 2016. (ECF No. 19-1.) Based on Plaintiff's allegations and because any "doubt should be resolved . . . in favor of the subjective good faith of the plaintiff," he has stated a claim for the requisite amount in controversy to satisfy 28 U.S.C. § 1332. *Chase Manhattan Bank, N.A.*, 93 F.3d at 1070.

Defendant argues that Plaintiff's settlement offers for less than $75,000, which were set forth in letters from Plaintiff's then-attorney,[3] Attorney Davis (ECF No. 14), should constitute an admission that the amount in controversy does not satisfy 28 U.S.C. § 1332. (Def.'s Mot. to Dismiss at 13.) However, the fact that Plaintiff was willing to accept less than $75,000 as a settlement to avoid trial is not proof that the full value of his claim is less than $75,000. As

---

[3] *See* note 1, *supra*.

courts have consistently recognized in the context of the Federal Rules of Evidence, statements made during settlement negotiations have "the potential to end the instant federal litigation in an amicable fashion and . . . should therefore be excluded as evidence of conduct or statements made in compromise negotiations." *Pace v. Paris Maint. Co.,* 7 Fed. Appx. 94, 96 (2d Cir. 2001); *See also Levick v. Maimonides Med. Ctr.,* No. 08 Civ. 03814(CLP)(NG), 2011 WL 1673782, at *2 (E.D.N.Y. May 3, 2011) ("Under Rule 408 of the Federal Rules of Evidence, settlement agreements are also generally held to be inadmissible at trial."). The Court does not consider Plaintiff's settlement offers in evaluating the amount in controversy.

### b. Lack of Personal Jurisdiction – Improper Service

Defendant moves to dismiss for lack of personal jurisdiction under Rule 12(b)(2) and argues that Plaintiff failed to properly serve Defendant with the complaint and summons. Under the Federal Rules of Civil Procedure, "any person who is at least eighteen years old and not a party . . . ." may serve a defendant with a summons and complaint. Fed. R. Civ. P. 4(c)(1-2). A corporation, such as Defendant, must be served *either* (i) according to state statutes or rules, *or* (ii) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant." *Id.* 4(h)(1)(A-B).

Service of process was made on Defendant's agent, Pamela Consoletti-Murphy, by Glenna O'Reilly on October 14, 2016, according to a signed "Proof of Service" document submitted to the Court by Plaintiff. (ECF No. 5.) The individual who served process, Glenna O'Reilly, is not a named party in this case and attested to being over the age of eighteen. The document submitted to the Court states "this summons for BJ's Wholesale Club, Inc. was

received by me on Oct. 14, 2016 . . . I served the summons on Pamela Consoletti-Murphy, who is designated by law to accept service of process on behalf of BJ's Wholesale Club, Inc. on Oct. 14, 2016" and concludes with "I declare under penalty of perjury that this information is true." (ECF No. 5.)

Defendant argues that Plaintiff's service of process was deficient because it did not comply with Conn. Gen. Stat. § 52-20(a)-(b), which is a Connecticut statute governing service of process. (Mot. to Dismiss at 8-9.) But Federal Rule 4(h)(1)(A-B) gives a plaintiff serving a corporate defendant, such as BJ's Wholesale Club, Inc., the option of complying with state rules *or* delivering a copy of the complaint and summons to an agent of the defendant. Defendant does not contest the adequacy of Plaintiff's proof of service, nor does it allege that service was made on an improper agent of Defendant under Rule 4(h). Finally, Defendant does not allege that Plaintiff's process server did not comply with Rule 4(c)(1)-(2). Because Plaintiff is in compliance with Rule 4's requirements for service of a corporate defendant, Plaintiff has made proper service under the Federal Rules of Civil Procedure and does not need to comply with Conn. Gen Stat. § 52-20(a)-(b).

Defendant also argues that Plaintiff has not provided adequate proof that a copy of the summons and complaint was also *mailed* to Defendant and, therefore, service is improper under Rule 4(h). But Rule 4(h) states that mailing is required only "if the agent is one authorized by statute and the statute so requires." *See* Rule 4(h)(1)(B) (process must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant.") Defendant does not allege that its agent served by Plaintiff was made an agent by

9

statute, and has made no showing that Plaintiff was required to mail a copy in addition to making in-hand service under Rule 4(h). Moreover, even if mailing were required in this case, Plaintiff states that he mailed a copy of the summons and complaint. (Pl.'s Resp. in Opp. at 2.) He has also provided a copy of a tracking receipt from the United States Postal Service, dated October 25, 2016, for a first-class envelope, which he states is evidence that he mailed the summons and complaint. (ECF No. 19-4.)

Plaintiff's service of process was proper under Fed. R. Civ. P. 4(h)(1)(B) and therefore this Court does have personal jurisdiction in this matter.

### c. Count Two - State Negligence Claims Time-Barred

Defendant moves to dismiss Plaintiff's negligence claim under Conn. Gen. Stat. § 52-584, Connecticut's two-year statute of limitations for claims based on injuries to persons or property caused by negligence. "Although the statute of limitations is ordinarily an affirmative defense that must be raised in the answer, a statute of limitations defense may be decided on a Rule 12(b)(6) motion if the defense appears on the face of the complaint." *Deswal v. U.S. Nat'l Ass'n*, 603 Fed. Appx., at *24 (2d. Cir. 2015) (citing *Ellul v. Congregation of Christian Bros.*, 774 F.3d 791, 798 n. 12 (2d Cir 2014).

Under Section 52-584, "no action to recover damages for injury to the person . . . shall be brought but within two years from the date when the injury is first sustained or discovered or in the exercise of reasonable care should have been discovered . . . ." Conn. Gen. Stat. § 52-584. The Connecticut Supreme Court has held that "the limitation period for actions in negligence begins to run on the date when the injury is first discovered or in the exercise of reasonable care should have been discovered . . . ." *Barrett v. Montesano*, 269 Conn. 787, 793 (2004). "Decisional law makes it clear that the basic purpose of the statute of limitations is to encourage

promptness in instituting claims and to avoid prejudice to defendants which results when a plaintiff delays prosecuting his claim." *Vilcinskas v. Sears, Roebuck & Co.*, 144 Conn. 170, 174 (1956).

Under Connecticut law, "the time when the action is regarded as having been brought is the date of service of the writ upon the defendant." *Converse v. Gen. Motors Corp.*, 893 F.2d 513, 515 (2d Cir. 1990) quoting *Consol. Motor Lines, Inc. v. M&M Transp. Co.*, 128 Conn. 107, 109 (1941); *See also Rios v. CCMC Corp.*, 106 Conn. App. 810, 820 (2008) ("Legal actions in Connecticut are commenced by service of process."). This rule applies in this diversity action in spite of the language of Rule 3 of the Federal Rules, which provide that "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. "Because Fed. R. Civ. P. 3 does not purport to displace state tolling rules for purposes of state statutes of limitations, state rules integral to the state statute of limitations govern in diversity actions." *Converse*, 893 F.2d at 515 (internal quotation marks and citations omitted). In other words, Plaintiff was required to serve process for the negligence claim within two years of discovering the injury.

Plaintiff alleges injury as a result of Defendant's negligence which occurred on August 8, 2014. (Compl. ¶ 1.) Plaintiff also alleges that the first incident in which the injury to his eyes caused him to fall "was a few days after the splashing accident." (Compl. ¶ 19.) Based on those allegations, the negligence statute of limitations began to run either on August 8, 2014 or "a few days later".

According to the Proof of Service document, Plaintiff served Defendant with process on October 14, 2016, more than two years after both the cleaning solution splashing incident and Plaintiff's first fall. (ECF No. 5.) Because that date is beyond the two-year statute of limitations set in Conn. Gen. Stat. § 52-584, the negligence claim is time-barred.

Further, Plaintiff does not set forth any facts suggesting equitable tolling might apply. Equitable tolling is warranted "only in rare and exceptional circumstances . . . [if] a petitioner demonstrates (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Harper v. Ercole*, 648 F.3d 132, 136 (2d. Cir. 2011). "To show that extraordinary circumstances prevented him from filing his petition on time, petitioner must demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances." *Hizbullahankhamon v. Walker*, 255 F.3d 65, 75 (2d Cir. 2001), *cert denied*, 536 U.S. 925 (2002). Plaintiff does not allege that relevant facts were concealed from him by Defendant, that he was unaware of his injury, or that he was delayed in any other way that might warrant equitable tolling. Indeed, the letters from Attorney Davis filed on the docket show that the Plaintiff was aware of his claim and was seeking to negotiate an out-of-court resolution of it well before the statute of limitations ran. The negligence claim is therefore dismissed.

### d. Failure to Satisfy Class Action Prerequisites

The Plaintiff has included in his complaint, as a separate count, "class action allegations." (Compl. ¶ 26.) But such allegations are not a distinct legal cause of action, however they might be labeled. They are, instead, merely allegations aimed at invoking a joinder device recognized by Federal Rule of Civil Procedure 23. They are, therefore, not a proper target of a Rule 12(b)(6) motion, which is used to attack allegations for a "failure to state a *claim* upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (emphasis added). In any event, it is premature

to consider the class allegations because the Plaintiff has filed no motion to certify a class. The motion to dismiss the "Third Count" is therefore denied.

## IV. CONCLUSION

For the reasons stated above, the motion to dismiss (ECF No. 25) is GRANTED in part and DENIED in part. The Court GRANTS Defendant's 12(b)(6) motion to dismiss as to Plaintiff's time-barred negligence claim (Count Two), DENIES Defendant's 12(b)(1) and 12(b)(2) motions for lack of personal and subject matter jurisdiction, and DENIES Defendant's motion to dismiss Plaintiff's class allegations. The case will proceed as to the breach of contract claim (Count One) and the CUTPA claim (Count Four).

IT IS SO ORDERED.

/s/
Michael P. Shea, U.S.D.J.

Dated: Hartford, Connecticut
July 17, 2017